Mark M. Kovacich
Caelan G. Brady
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com
caelan@justicemt.com

David P. Legare
DAVID LEGARE LAW, PLLC
100 N. 27th Street, Suite 550
Billings, MT 59101
(406) 294-9450
dplegare@legarelaw.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CITY OF GLENDIVE and JADY TRANGMOE, | CAUSE NO. CV-25-38-BLG-TJC |
| Plaintiffs, | |
| vs. | **COMPLAINT AND JURY DEMAND** |
| BNSF RAILWAY COMPANY, a for profit corporation, | |
| Defendant. | |

COME NOW Plaintiffs, demanding trial by jury, and for their complaint against Defendant, allege as follows:

# PARTIES

**1.**

Plaintiff City of Glendive is a municipality in Dawson County, Montana.

**2.**

Plaintiff Jady Trangmoe is a natural person and citizen and resident of Glendive, Dawson County, Montana.

**3.**

Defendant, BNSF Railway Company ("BNSF"), is a corporation for profit organized and existing under the laws of Delaware, with its principal place of business in the state of Texas. BNSF does business in the State of Montana. BNSF is the surviving entity of the merger of Burlington Northern Railroad Company (BN) and the Atchison, Topeka and Santa Fe Railway Company (Santa Fe). As a result of the merger between BN and Santa Fe and by operation of law, BNSF assumed liability for all claims which could have been brought against BN. For purposes of this Complaint and Jury Demand, the allegations and claims against BN are also allegations and claims against BNSF, as successor corporation.

## JURISDICTION AND VENUE

**4.**

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a), because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and cost.

**5.**

Plaintiffs are citizens of Montana, and BNSF is a citizen of Delaware and Texas.

**6.**

Plaintiffs seek damages which exceed $75,000.

**7.**

Venue is proper in the Billings division of this Court because Plaintiffs reside in Dawson County, within the Billings division, and because BNSF engaged in conduct resulting in the accrual of this tort action in Dawson County, within the Billings division.

## GENERAL ALLEGATIONS

**8.**

Each act of negligence, carelessness, recklessness, and maliciousness, and each violation of law or safety statute, regulation, and/or standard alleged herein was committed by BNSF and/or employees or agents of BNSF, who were acting within

the course and scope of their employment or agency with BNSF and in the furtherance of the business interests of BNSF; and each unlawful act or omission alleged herein is imputable to BNSF.

9.

At all times relevant hereto, BNSF and its predecessors occupied, operated, used, and/or maintained a railroad track, railyard, and other land, located in the City of Glendive, Dawson County, Montana, in the course and scope of their businesses as owners and operators of railroad systems.

10.

During the period of their ownership and occupancy of the railroad track, yard, and other land, BNSF negligently and/or suddenly and accidentally and unexpectedly and/or intentionally and/or maliciously and/or in reckless disregard of Plaintiffs' rights, caused hundreds of thousands of gallons of diesel fuel and other toxic contaminants and hazardous substances to enter the soil, surface waters, groundwater, and the City of Glendive's wastewater collection and treatment system in and around said railyard.

11.

Said fuel, fuel wastes, and other contaminants migrated by means of soil and groundwater onto and under property owned, occupied, and lawfully used by Plaintiffs. Plaintiffs' property has personal value and unique public value to Plaintiffs

not reflected in the market value and constitutes special use property under Montana law.

**12.**

BNSF intentionally, negligently, maliciously, and/or with reckless disregard of Plaintiffs' rights, made affirmative misrepresentations and/or failed to disclose material facts to Plaintiffs, or prior owners of Plaintiffs' property. BNSF knew the extent of the spread of the toxins, knew their remedial efforts were inadequate to reduce the risks and damages to the property in and about Plaintiffs' neighborhood, knew the hazards associated with the migration of the toxins into the neighborhood, and failed to take reasonable steps to clean up the contamination or warn Plaintiffs, or prior owners of Plaintiffs' property, that their health, welfare, and property values had been placed in serious jeopardy.

**13.**

As a direct and proximate result of BNSF's unlawful conduct, Plaintiffs have suffered injuries, damages, and losses which include, but are not limited to, damage to interests in real property, loss in real property value, the cost of investigation and restoration of real property, loss of use and enjoyment of property, and incidental and consequential damages.

## **FIRST CAUSE OF ACTION**

**(Negligence)**

**14.**

Plaintiffs reallege paragraphs 1 through 13 above as paragraphs 1 through 13 of this First Cause of Action.

**15.**

BNSF owed Plaintiffs a duty to act with reasonable care, so as not to jeopardize their property, health, and welfare.

**16.**

BNSF breached its duty of care by negligently, carelessly and recklessly generating, handling, storing, releasing, disposing of, and failing to control and contain the petroleum hydrocarbons and other toxic substances generated and used at the Glendive railyard, resulting in the release of toxic substances onto and around Plaintiffs' property.  BNSF's negligence is more particularly described as follows:

A. Failure to monitor properly the refueling of locomotives and use of toxins so as to prevent toxic substances from spilling on the ground;

B. Failure to monitor properly the amounts of fuel and toxins being used at the facility;

C. Disposal of diesel fuel and toxins by deliberately dumping the substances onto and into the ground;

D. Failure to maintain adequately and to repair aboveground and underground storage tanks and piping which ruptured and spilled their contents onto and into the ground;

E. Failure to construct, to maintain, and to repair the roadbed, refueling areas, fueling equipment and other parts of the facility to prevent the contamination of soil and groundwater with toxic substances and the subsequent migration of toxins through the soil and groundwater onto adjacent properties, including Plaintiffs' property;

F. Failure to train and supervise employees handling toxic substances;

G. Failure to utilize safe and adequate storage tanks;

H. Discharging and/or failing to prevent the discharge of diesel fuel and other toxic substances to the City of Glendive's wastewater collection and treatment system;

I. Failure to exercise reasonable care to contain the toxins once BNSF knew they had polluted a large area in and about Plaintiffs' properties and knew the toxins which permeated the soil in and about the area of said properties created a substantial risk to Plaintiffs;

J. Failure to warn Plaintiffs of the hazards associated with the contamination and to take appropriate measures to prevent the spread of the contamination;

K.  Failure to notify authorities in a timely fashion of the full gravity and nature of the contamination;

L.  Failure to clean up the pollution in a timely and effective manner; and,

M.  Failure to comply with applicable industry standards, internal rules, and State and federal safety laws, rules, regulations, and standards dealing with the safe use, storage, handling and disposal of toxic substances.

**17.**

As a direct and proximate result of the foregoing negligent conduct, Plaintiffs were injured and suffered damages as herein alleged.

## SECOND CAUSE OF ACTION

**(Public Nuisance)**

**18.**

Plaintiffs reallege paragraphs 1 through 17 above as paragraphs 1 through 17 of this Second Cause of Action.

**19.**

Plaintiffs have proprietary interests in certain real and personal property in the areas affected by said contamination and rights incidental to that property, including the right to the exclusive use and quiet enjoyment of the property.

**20.**

The conduct of BNSF constitutes a nuisance in that it is specially injurious and offensive to the senses of Plaintiffs, specially interferes with and disturbs their comfortable enjoyment of their life and property, and unlawfully prevents customary use of their property and residency. The contamination caused by BNSF's activities, as herein described, affects a considerable number of persons, including the entire neighborhood surrounding Plaintiffs' property.

**21.**

To the extent the nuisance is not also a private nuisance, the nuisance is specially injurious to Plaintiffs in that Plaintiffs are members of the public who reside or own property within the area immediately affected by the pollution. Plaintiffs therefore have suffered interference with and injury to the use and enjoyment of their property which is different in kind from the injury suffered by the general public.

**22.**

Unless the nuisance is abated, Plaintiffs' property and rights of enjoyment therein will be progressively further damaged and further jeopardized.

**23.**

As a direct and proximate result of the public nuisance caused by BNSF as alleged herein, Plaintiffs suffered damages as herein alleged.

## THIRD CAUSE OF ACTION

### (Private Nuisance)

**24.**

Plaintiffs reallege paragraphs 1 through 23 above as paragraphs 1 through 23 of this Third Cause of Action.

**25.**

Plaintiffs have ownership and/or proprietary interest in certain real and personal property in the areas affected by the contamination. Plaintiffs also have the right to the exclusive use and quiet enjoyment of their property.

**26.**

The conduct of BNSF constitutes a private nuisance in that such conduct has caused substantial injury to and interference with the comfortable enjoyment and use by Plaintiffs of their real and personal property, and their rights to use their property and residency in the customary manner without exposure to or concern regarding the dangers of toxic substances.

**27.**

Unless the nuisance is abated, Plaintiffs' property and their right to use and to enjoy their property will be progressively and further damaged, and their interests will be further jeopardized.

**28.**

As a direct and proximate result of the nuisance created by BNSF, Plaintiffs have suffered damages as herein alleged.

## FOURTH CAUSE OF ACTION

**(Trespass)**

**29.**

Plaintiffs reallege paragraphs 1 through 28 above as paragraphs 1 through 28 of this Fourth Cause of Action.

**30.**

At all times relevant to the causes of action alleged in this Complaint, Plaintiffs resided on, owned, and/or lawfully possessed property within the area affected by the contamination.

**31.**

BNSF intentionally, recklessly, negligently, without just cause and by conducting an abnormally dangerous activity, committed the wrongful act of trespass by causing toxins, including diesel fuel, solvents, and their byproducts, to invade and remain on the real property of Plaintiffs by way of soil, groundwater, and air.

**32.**

As a direct and proximate result of BNSF's trespass, Plaintiffs were injured in that they suffered damage to their real property and loss as herein alleged.

## **FIFTH CAUSE OF ACTION**

**(Strict Liability for Abnormally Dangerous Activity)**

**33.**

Plaintiffs reallege paragraphs 1 through 32 above as paragraphs 1 through 32 of this Fifth Cause of Action.

**34.**

The storage, disposal, release, and use of large quantities of fuel, fuel wastes, solvents, and toxic substances, and the operation of a locomotive refueling station immediately adjacent to a residential area is an abnormally dangerous and ultra hazardous activity in that:

A. There exists a high degree of risk of serious harm to the environment, persons, land, and chattels of others, including Plaintiffs, which cannot be eliminated by the exercise of reasonable care;

B. There is a strong likelihood that great harm will result from an escape of such fuel, fuel wastes, solvents and other toxic substances;

C. The use, storage, disposal, and release of fuel, fuel wastes, solvents and other toxic substances in large quantities in close proximity to a residential neighborhood is not a matter of common usage such as would be carried on by the great mass of mankind or many people in the community;

D.  The manner in which BNSF used, stored, disposed of, and released such toxins at the Glendive facility is and was inappropriate; and,

E.  The value to BNSF of use, storage, disposal, and release of such large quantities of toxins adjacent to a residential area is outweighed by the likelihood of harm resulting therefrom.

**35.**

As a direct and proximate result of BNSF's unlawful actions and abnormally dangerous and ultra hazardous activities, Plaintiffs were injured and suffered damages as herein alleged.

## SIXTH CAUSE OF ACTION

### (Constructive Fraud)

**36.**

Plaintiffs reallege paragraphs 1 through 35 above as paragraphs 1 through 35 of this Sixth Cause of Action.

**37.**

BNSF knows, and/or should have known for many years, that their conduct caused excessive levels of toxic substances to enter the groundwater and soil of Plaintiffs' property.

**38.**

BNSF had a duty to deal fairly with Plaintiffs, to fully investigate the nature and extent of the contamination on Plaintiffs' property, to speak the truth concerning the nature and extent of the contamination on Plaintiffs' property, and to warn and to inform Plaintiffs of the nature and extent of the contamination on their property.

**39.**

BNSF breached their duty to speak truthfully, to warn, to investigate, and to disclose to Plaintiffs the nature and extent of the contamination which BNSF caused or created on Plaintiffs' property.

**40.**

By both words and deeds, BNSF misrepresented and concealed material facts concerning the nature and extent of the contamination on Plaintiffs' property.

**41.**

BNSF misrepresented and concealed material facts concerning the nature and extent of the contamination with the understanding, intent, and expectation that Plaintiffs and other members of the public would rely on their misrepresentations and silence.

**42.**

Plaintiffs did rely, to their detriment, on the misrepresentations and silence of BNSF regarding the nature and extent of the contamination.

**43.**

BNSF gained unfair advantage over Plaintiffs by misleading them to their prejudice.

**44.**

The wrongful and unlawful conduct of BNSF, more particularly described in this cause of action, constitutes constructive fraud under Montana law.

**45.**

As a direct and proximate result of BNSF's fraudulent and unlawful conduct described in this cause of action, Plaintiffs suffered damages, and will continue to suffer damages, as herein alleged.

## DAMAGES

**46.**

As a direct and proximate result of BNSF's wrongful and unlawful acts and omissions as herein alleged, Plaintiffs have suffered, and will continue to suffer and/or are reasonably certain to suffer, the following harm and/or damages:

A. Injury to and loss of use and enjoyment of real and personal property;

B. Loss of the value of real property and rights incidental thereto, and loss of use of that value and those rights;

C. Incidental and consequential damages;

D.  Annoyance, inconvenience and discomfort over the loss and prospective loss of property value, economic opportunities, ways of life and other legal rights;

E.  Expenses for investigation and restoration of real property; and,

F.  Other damages to be proven at trial.

**47.**

Article II, § 3 of the Montana Constitution guarantees all persons in Montana the inalienable, fundamental right to a clean and healthful environment, as well as the right to acquire, possess, and protect property.  Defendant's conduct has violated Plaintiffs' constitutional rights, and Plaintiffs are entitled to damages for full restoration of their property as necessary to protect these rights.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against BNSF as follows:

1.  Damages in a reasonable amount to compensate Plaintiffs for all harm they have suffered as a result of BNSF's conduct;

2.  Damages for investigation and restoration of Plaintiffs' property and other contaminated property in close proximity to Plaintiffs' property to remove present contamination and prevent future contamination;

3. Damages for loss of property value;

4. Damages for loss of use and enjoyment of real property;

5. Damages for annoyance, inconvenience, and discomfort over the loss and prospective loss of property value, economic opportunities, and other legal rights;

6. Incidental and consequential damages;

7. Attorney fees pursuant to the Private Attorney General Doctrine and any other applicable legal theory;

8. Costs and disbursements incurred herein; and

9. Such other and further relief as the Court deems just and equitable.

DATED this 27th day of March, 2025.

          KOVACICH SNIPES JOHNSON, P.C.
          and
          DAVID LEGARE LAW, PLLC

          BY:    /s/ Mark M. Kovacich
                Mark M. Kovacich
                P.O. Box 2325
                Great Falls, MT  59403
                Attorneys for Plaintiffs